## DURYEE v. PARKER et al.

(Supreme Court, Appellate Division, First Department. June 23, 1905.)

1. APPEAL—ORDER—INTERLOCUTORY JUDGMENT—DISMISSAL OF APPEAL FROM ORDER.

Where a party appeals from an order overruling a demurrer, and from the interlocutory judgment entered thereon, the appeal from the order will be dismissed.

2. CONTRACTS—BREACH—ACTION—PLEADING—SUFFICIENCY.

Where an answer alleged that by the agreement between plaintiffs and defendants the plaintiffs bound themselves to send defendants orders only from first-class firms, who would pay defendants a specified commission on wheat sold by defendants for them, and that the first-class firms were to pay all cable expenses, and it was alleged that said first-class firms refused to pay any such commissions or cable expenses, a demurrer should have been sustained, inasmuch as no breach of the agreement was alleged.

Appeal from Special Term.

Action by Edward W. Duryee against James H. Parker and others. From an order overruling a demurrer to a separate defense and a counterclaim set up in the answer, and from the interlocutory judgment entered thereon, plaintiff appeals. Modified and affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Dudley R. Horton, for appellant.
John H. Abney, for respondents.

PER CURIAM. Under the settled practice, the appeal from the order overruling the demurrer must be dismissed. All the questions

which the appellant seeks to raise are presented by the appeal from the interlocutory judgment.

We think the demurrer to the separate defense set up in paragraph 7 of the answer should have been sustained. That paragraph alleges, in substance, that in and by the agreement between the defendants and plaintiff's assignors the latter bound themselves to send defendants orders only from first-class firms, who would pay to defendants a commission of 1 per cent. per bushel on the wheat sold by defendants for them, of which commissions the defendants agreed to credit plaintiff's assignors with three-eighths, and that the first-class firms were to pay all cable expenses. There is no breach of this agreement alleged, the only allegations in this respect being "that said first-class firms have refused to pay defendants any of said commissions or cable expenses." Why they refused, or what bearing their nonpayment has upon the agreement alleged, does not appear; and, taking all the allegations of the paragraph together, we do not find any defense stated, and for this reason the demurrer to it should, as already intimated, have been sustained.

As to the counterclaim, we think the allegations are sufficient, and therefore the demurrer to it was properly overruled.

It follows that the judgment appealed from should be modified by sustaining the demurrer to the separate defense, with leave as to this defense to answer over on payment of costs; and as so modified the interlocutory judgment should be affirmed, without costs to either party upon this appeal.